**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-03139-REB

CHRISTOF KLEIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed November 30, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of anxiety, depression, migraine headaches, bipolar disorder, and attention deficit disorder. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 6, 2011. At the time of the hearing, plaintiff was 47 years old. He has a high school education with two years of

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

college course work and past relevant work experience as a plumber. He has not engaged in substantial gainful activity since November 20, 2006, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a range of medium work with postural and non-exertional limitations. Although this determination precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that he could perform. The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ improperly discredited his subjective reports of pain and associated functional limitation.  Alternatively, he argues that the ALJ's hypothetical to

the vocational expert failed to include all the limitations supported by the evidence, thus undermining the step 5 determination.[2]  Finding no such reversible error in the ALJ's decision, I affirm.

The ALJ considered plaintiff's subjective reports regarding the effects of his various impairments, but found that his complaints were inconsistent with the medical evidence of record, as well as with plaintiff's significant activities of daily living and the course of his treatment.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  **Id.** at 910; see also **Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000).

Insofar as plaintiff suggests the ALJ discounted his complaints regarding the effects of his mental impairments due to a lack of neurological findings, he misstates the record.  **See** 20 C.F.R. § 404.1529(c)(2) (ALJ will not "reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").  The ALJ referenced a lack of

---

[2] In a completely undeveloped allegation, plaintiff further suggests that the evidence is insufficient to sustain the Commissioner's step 5 burden to show that the alternative jobs identified by the vocational expert exist in significant numbers in the local and national economies.  Even if I were required to address this patently inadequately briefed argument, see **Adler v. Wal-Mart Stores, Inc.**, 144 F.3d 664, 679 (10th Cir. 1998), it is not borne out by the record, which plainly demonstrates that the number of alternative jobs available is more than adequate (**see** Tr. 30, 69 (showing a total, across two jobs, of 275,300 jobs nationally and 2,030 jobs in Colorado).  20 C.F.R. § 404.1566(a).  **See also Trimiar v. Sullivan**, 966 F.2d 1326, 1330 (10th Cir. 1992) (refusing to impose bright line rule as to number of jobs sufficient to sustain Commissioner's burden at step 5).

neurological findings only in discussing plaintiff's allegedly disabling migraines.  (*See* Tr. 26-27 (discussing examination findings of Drs. Renkin and Quintero).)  With respect to plaintiff's other mental impairments, by contrast, the ALJ specifically recounted the findings of the consultative examiner, Dr. Frederick Leidal, to which he assigned "considerable weight" in assessing plaintiff's mental functioning.  (Tr. 28-29, 274-279.)[3]  The ALJ did recount the course of plaintiff's mental health treatment, however, noting that plaintiff's mood was well stabilized and that there was no indication of significant abnormalities in his mental functioning.  (Tr. 28.)  That determination is borne out by the record, to which the ALJ made specific references.

The ALJ also discredited plaintiff's subjective complaints regarding the limiting effects of his impairments on the basis of his substantial activities of daily living.  Although activities of daily living do not necessarily translate to the ability to perform work-related activities on a sustained basis, *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993), they do bear on a plaintiff's credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations," *Ouellette v. Apfel*, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000).  *See also Nutting v. Astrue*, 2009 WL 2475125 at *4 (D. Colo. Aug. 11, 2009).  Plaintiff did not report sporadic or minimal activity but acknowledged that he often worked full eight to ten hour days helping friends with construction projects or odd jobs.  I thus cannot fault the ALJ's conclusion that

---

[3] Although plaintiff points out that Dr. Leidal diagnosed him with a somatoform disorder, there is nothing in the record to suggest that the functional limitations Dr. Leidal imposed did not fully account for this diagnosis.  *See* WebMD, *Mental Health, Somatoform Disorders* (available at http://www.webmd.com/mental-health/somatoform-disorders-symptoms-types-treatment) (last accessed March 12, 2014) ("Somatoform disorders are mental illnesses that cause bodily symptoms, including pain. The symptoms can't be traced back to any physical cause.").

plaintiff's extensive daily activities undermined his assertion that he could not perform substantial gainful activity. (Tr. 26.)

The ALJ also noted plaintiff's admission that medication is effective at alleviating his symptoms and causes no side effects. (Tr. 26, 48-49; *see also* Tr. 257-260, 262, 264, 266-269.) **See Pacheco v. Sullivan**, 931 F.2d 695, 698 (10th Cir. 1991) (impairment that can be controlled with treatment is not disabling). Plaintiff insists the ALJ should not have used this admission to discredit him because he had trouble getting these medications consistently due to their costs. Although indigence may adequately explain the failure to follow prescribed treatment, *see **Ky v. Astrue***, 2009 WL 68760 at *4 n.4 (D. Colo. Jan. 8, 2009), nothing in the record in this case supports a conclusion that plaintiff had long-standing difficulties in securing medications. The record contains but a single reference suggesting that plaintiff had "not been taking his medication correctly due to no funds" and was "awaiting meds from Canada." (Tr. 265.) The treatment notes thereafter support the conclusion that this was a temporary setback, and that plaintiff thereafter took his medications regularly. (Tr. 257-264.) Plaintiff did not testify that he was ever unable to obtain medications, much less that he was indigent, *see **Flaherty v. Astrue***, 515 F.3d 1067, 1071 (10th Cir. 2007), and, in fact, the tenor of his testimony suggests that he had been taking his various medications consistently for years (*see* Tr. 48-49). I thus perceive no error, much less reversible error, in this respect.

Finally, plaintiff argues that the ALJ's hypothetical to the vocational expert failed to include a limitation accounting for the impact of stress on plaintiff's ability to work. Dr.

7

Leidal noted that plaintiff's ability to withstand workplace stress was moderately impaired, a limitation which the ALJ accepted. (Tr. 29, 279.) It is true that the ALJ did not specifically reference this limitation in the hypothetical posed to the vocational expert. (Tr. 68.) Nevertheless, both the hypothetical to the vocational expert and the ALJ's ultimate residual functional capacity assessment limited plaintiff to understanding, remembering, and executing only routine or repetitive instructions and having only occasional interaction with supervisors, co-workers, and the general public. (Tr. 25, 68.) Plaintiff fails to articulate, much less demonstrate, how these limitations failed to adequately account for the impact of stress on his work-related abilities. *See Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988). Remand is not warranted on this basis either.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 13, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge